# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: G.H., P.H. Jr., K.H., & H.H.**

**No. 14-0516** (Roane County 13-JA-11 through 13-JA-14)

**FILED**

November 24, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother, by counsel Christen M. Justice, appeals the Circuit Court of Roane County's May 12, 2014, order terminating her parental rights to G.H., K.H., and H.H., and her custodial rights to P.H. Jr. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel William P. Jones, filed its response in support of the circuit court's order and a supplemental appendix. The guardian ad litem, Erica Brannon Gunn, filed a response on behalf of the children supporting the circuit court's order. The children's maternal grandmother, U.L., by counsel Jason G. Heinrich, filed a response in support of the circuit court's order. On appeal, petitioner alleges that the circuit court erred in terminating her parental rights without considering less drastic alternatives.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Prior to the initiation of the instant abuse and neglect proceeding, Respondent U.L., the children's maternal grandmother, filed a guardianship action pursuant to West Virginia Code § 44-10-3 seeking custody of G.H., as well as a domestic violence petition against the parents. In June of 2013, the circuit court held a hearing in the guardianship matter. At the time, G.H. was already residing in her grandmother's care, and the guardian ad litem for the children took the position that it was in G.H.'s best interest to remain in that home and for the guardianship to be granted. Previously, the DHHR had investigated claims of abuse and neglect in petitioner's home but found them to be unsubstantiated. The circuit court took testimony from multiple witnesses during this hearing, including testimony from then sixteen-year-old G.H., who testified that her father, petitioner's husband, touched her inappropriately several times beginning when she was in the sixth grade. G.H. also testified that she told petitioner about the abuse, but petitioner took no action in regard to the disclosure. On the contrary, G.H. testified that when petitioner learned she was going to report the abuse to the police, petitioner tried to prevent the child from making the disclosure and stated that she would tell the police that the child fabricated the allegations.

Later that month, the circuit court held a second evidentiary hearing in the guardianship matter. After taking additional testimony, the circuit court found the children had been abused and neglected due to the father's sexual abuse of G.H. and petitioner's failure to protect them

1

from the same, as well as additional emotional abuse and educational neglect. The circuit court granted guardianship of G.H. to the maternal grandmother, U.L. Petitioner did not have counsel during the guardianship proceedings.

That same day, the children's guardian ad litem and the maternal grandmother filed a joint abuse and neglect petition in the circuit court. That petition alleged that the children were abused in the following ways: G.H.'s sexual abuse; physical abuse of G.H. and P.H. Jr.; emotional abuse of the children; educational neglect of G.H. and P.H. Jr.; and failure to provide necessary food and shelter, among other allegations. The circuit court granted the DHHR temporary legal and physical custody of the children and appointed the guardian ad litem from the guardianship proceeding, now co-petitioner in the abuse and neglect proceeding, to again represent the children in the abuse and neglect matter.

An amended petition was filed on July 25, 2013, to reflect unsanitary conditions in the home, including large amounts of dog urine and feces inside the residence, as discovered by law enforcement when assisting the DHHR in obtaining custody of the children. The circuit court held a preliminary hearing and took judicial notice of the guardianship proceedings. The circuit court then held an adjudicatory hearing in August of 2013, during which the DHHR renewed its motion for the circuit court to take judicial notice of the guardianship case as it had at the preliminary hearing. The circuit court again took judicial notice of the testimony and orders from the prior proceeding and also directed counsel to obtain transcripts of those evidentiary hearings. Moreover, the circuit court allowed the parties to recall or cross-examine any witnesses from the prior proceeding. Petitioner stipulated to the adjudication, admitting that she failed to provide the children with necessary food, clothing, shelter, supervision, medical care, and/or education. Petitioner also admitted that she failed to protect the children by not ensuring that their health, safety, and wellbeing were her paramount concerns, and that she failed to protect the children from the father's abuse, among other admissions. Petitioner was thereafter granted a post-adjudicatory improvement period.

In April of 2014, the circuit court held a dispositional hearing. Prior to the hearing, the DHHR filed a motion to terminate petitioner's parental rights. In support, the DHHR alleged that after the father's parental rights to G.H., K.H., H.H., and custodial rights to P.H. Jr. were terminated, he continued to reside in petitioner's home. As such, the home could not be considered a safe environment for the children, which petitioner was directed to establish. Further, the DHHR alleged that petitioner continued to blame the children for the conditions of abuse and neglect in the home instead of accepting responsibility for the same, and also had unauthorized contact with the children during her improvement period. Ultimately, the circuit court terminated petitioner's parental rights to all the children except fifteen-year-old P.H. Jr, who objected to the same. The circuit court did, however, terminate petitioner's custodial rights to P.H. Jr. It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the

2

evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court terminating petitioner's parental rights to G.H., K.H., and H.H., or her custodial rights to P.H. Jr.

While petitioner argues that the circuit court erred in imposing the most restrictive dispositional alternative under West Virginia Code § 49-6-5(a), the Court does not agree. Petitioner argues that instead of terminating her rights, the circuit court could have granted her an extension of her post-adjudicatory improvement period. However, the record does not support this argument. Pursuant to West Virginia Code § 49-6-12(g), a circuit court "may extend any improvement period granted pursuant to subsections (b) or (c) of this section for a period not to exceed three months when the court finds that the respondent has substantially complied with the terms of the improvement period . . . ." Contrary to petitioner's argument that she complied with the terms of her improvement period, the record clearly shows that she failed in this regard.

Specifically, the circuit court found that petitioner continued to reside with the children's father, despite the fact he was adjudicated as having sexually abused G.H. and had his parental rights to three children terminated, along with his custodial rights to another. Petitioner even testified at the dispositional hearing that she did not plan to divorce the father and hoped to continue her relationship with him even though various parties informed her on multiple occasions throughout the proceedings that he could no longer reside in the home. Moreover, petitioner decided to participate in therapy with a therapist of her own choosing, so she was required to provide documentation of her compliance with therapy services. Despite the family case plan specifically including this requirement, petitioner failed to provide any documentation of counseling sessions. As such, the circuit court specifically found that it could "only conclude that [petitioner] has not been complying with individual therapy as required by the case plan."

The circuit court went on to address petitioner's unauthorized contact with the children during the pendency of these proceedings, which persisted despite a contempt hearing during which the circuit court instructed the parents to have no such contact with the children. Petitioner then blamed the children for the ongoing contact. Petitioner additionally blamed the children for the abuse and neglect proceedings generally, and failed to accept responsibility for her actions that led to the petition's filing. After posting comments to social media blaming G.H. for her own sexual abuse, the child's therapist testified that the comments had an adverse effect on therapy, causing G.H. to regress. Based upon this evidence, it is clear that petitioner failed to

comply with the terms and conditions of her improvement period such that an extension of the same was not warranted.

Further, this same evidence supports the circuit court's findings that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect pursuant to West Virginia Code § 49-6-5(b)(3), and that termination of her parental rights was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon these findings.

For the foregoing reasons, we find no error in the decision of the circuit court and its May 12, 2014, order is hereby affirmed.

Affirmed.

**ISSUED**: November 24, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II